IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:21-cv-267

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| APPROXIMATELY 548.22 POUNDS OF HEMP DETAINED FROM WE CBD, LLC ON NOVEMBER 8, 2020 AT CHARLOTTE-DOUGLAS INTERNATIONAL AIRPORT. | ) ) ) ) ) ) |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C)**

NOW COMES the United States of America, by and through William T. Stetzer, Acting United States Attorney for the Western District of North Carolina, and submits this Memorandum in Support of its Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure Rule 12(c).

**SUMMARY OF THE ARGUMENT**

This is a forfeiture case under Title 19 against 548.22 pounds of hemp (the "Hemp") that was the subject of export violations. To prevail on its forfeiture burden, the Government need only meet a ***probable cause standard***. This is readily done: Claimant We CBD admits the export violations alleged by the Government occurred in its own complaint against Planet Nine, the air carrier it hired to export its cargo (including the Hemp) out of the United States to Switzerland.

Thus, it is undisputed that (1) the Hemp was attempted to be exported from the United States, and *as We CBD itself alleges*, (2) during the Hemp's export there

1

was a "failure to file accurate and necessary documents with United States Customs and Border Protection," and specifically "a failure to file an accurate general declaration, [] failure to file a cargo manifest, and [] failure to timely file an EEI." *See We CBD, LLC, et al. v. Planet Nine Private Air, LLC*, W.D.N.C. No. 3:21-cv-352, Doc. 1 at ¶¶1, 67 (the "Planet 9 Complaint").

The factual allegations in We CBD's complaint against Planet Nine constitute evidentiary admissions which clearly establish probable cause that the Hemp's attempted exportation was contrary to law and that the Hemp is subject to forfeiture under 19 U.S.C. § 1595a(d). We CBD cannot plausibly sue Planet Nine for causing export violations on one hand, and then in this action, deny the very same export violations occurred.

Nothing more is needed for the Court to enter judgment under Rule 12(c). And for the reasons stated in the Government's concurrently filed Rule 12(f) Motion, We CBD cannot establish any defense to forfeiture (namely, the innocent owner defense or Eighth Amendment's Excessive Fines Clause do not apply in Title 19 cases).

## STANDARD FOR RULE 12(C) MOTIONS

When deciding a Rule 12(c) motion for judgment on the pleadings, the Court must apply the same standard that is applied when ruling on a motion to dismiss pursuant to Rule 12(b)(6). *Burbach Broad. Co. v. Elkins Radio Corp.,* 278 F.3d 401, 405–06 (4th Cir. 2002); *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999). In considering a motion to dismiss under Rule 12(b)(6) or Rule 12(c), the Court must assume that the allegations in the non-moving party's pleadings are true and

construe all facts in the light most favorable to the non-moving party. *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992). "Judgment should be entered when the pleadings, construing the facts in the light most favorable to the non-moving party," indicate that the dispute "can ... be decided as a matter of law." *O'Ryan v. Dehler Mfg. Co.,* 99 F.Supp.2d 714, 718 (E.D. Va. 2000).

In analyzing a Rule 12 motion, a court may consider documents incorporated into the complaint by reference and matters of which a court may take judicial notice. "In particular, when considering a Rule 12(c) motion, a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint ... so long as the authenticity of these documents is not disputed." *In re Lowe's Companies, Inc. Fair Lab. Standards Act and Wage and Hour Litig.,* 2021 WL 374976, at *1 (W.D.N.C. Feb. 3, 2021) (internal citations and quotations omitted); *see also Demetry v. Lasko Prods., Inc.,* 284 Fed. App'x 14, 15 (4th Cir. 2008) (finding district court properly ruled on a 12(c) motion when the district court considered an attachment to the plaintiff's complaint).

## WE CBD'S JUDICIAL AND EVIDENTIARY ADMISSIONS

"Statements a party makes in pleadings in one case that are inconsistent with the positions a party takes in another case may be admissible as admissions against interest and for impeachment." *In re Zonagen, Inc. Securities Litig.,* 322 F. Supp. 2d 764, 783 (S.D. Tex. 2003); *see also Trexlar v. Seaboard Sys. R.R., Inc.,* 641 F. Supp. 688, 689 (W.D.N.C. 1986) ("The Defendant correctly argues that a pleading from a related action is admissible as an admission and is evidence of the facts asserted

3

therein. "); *Calvey v. Stifel, Nicolaus & Co., Inc.*, 850 Fed. Appx. 344, 349 n2. (6th Cir. 2021) (unpublished) ("Thomas argues that it is inappropriate to consider this complaint because 'pleadings are not evidence,' nor are '[u]nverified complaints.' He is wrong. 'A party's pleading in one case may generally be used as an evidentiary admission in other litigation.'") (quoting McCormick, Evidence § 257 (8th ed. 2020)).

While not conclusive in the same manner that judicial admissions made in pleadings in this case are, the allegations in We CBD's Planet 9 Complaint are evidentiary admissions admissible under Federal Rule of Evidence 801(d)(2). *See Grant Importing & Distribg. Co., Inc. v. Amtec Intern. of N.Y. Corp.*, 2010 WL 706042, at *3 (N.D. Ill. Feb. 24, 2010) (explaining difference between judicial and evidentiary admissions).

**FACTS NOT SUBJECT TO REASONABLE DISPUTE**

The following established facts—that We CBD cannot rebut—mandate that the Government is entitled to judgment as a matter of law:

1. On November 7, 2020, CBP received by email an outbound request from Planet Nine, We CBD's hired air carrier, for a charted flight on a Gulfstream GV aircraft, FAA Registration/Tail # N194MF, that would depart from a refueling stop at the Charlotte Airport to Switzerland on November 8, 2020. Doc. 1, ¶18; Doc. 1-1, p.3; *Planet 9 Compl.*, ¶¶10-11, 54.

2. This request included a General Declaration on CBP Form 7507. Doc. 1, ¶18; Doc. 1-1, pp.2-3.

4

3. "Pursuant to 19 C.F.R. § 122.72, if an aircraft with export cargo leaves the U.S. for any foreign area, a general declaration must be filed." *Planet 9 Compl.*, ¶22; *see also* Doc. 1, ¶¶9, 17.

4. The General Declaration submitted to CBP failed to list any cargo. Doc. 1, ¶; Doc 1-1, pp.2-3; *Planet 9 Compl.*, ¶18 ("Planet 9 negligently and recklessly failed to list cargo on the flight's general declaration that was submitted to the U.S. Government."); ¶40 ("Planet 9 filed a fraudulent general declaration with CBP that did not account for the cargo.").

5. Moreover, the General Declaration affirmatively indicated no cargo on the aircraft, as where the Form 7507 asked for the "number of SED's and AWB's," or Shipper's Export Declarations and Air Waybills, the General Declaration had "0" listed for both categories. Doc. 1, ¶21; Doc. 1-1, p.1.

6. "Pursuant to 19 C.F.R. § 122.72, if an aircraft with export cargo leaves the U.S. for any foreign area, an air cargo manifest must be filed." *Planet 9 Compl.*, ¶43; *see also* Doc. 1, ¶¶9, 11, 17.

7. No air cargo manifest for any cargo, including the Hemp, was filed. *Planet 9 Compl.*, ¶45; *see also* Doc. 1, ¶¶2, 20.

8. "Pursuant to 19 C.F.R. § 122.72, if an aircraft with export cargo leaves the U.S. for any foreign area any required Electronic Export Information ('EEI') must be filed." *Planet 9 Compl.*, ¶45; *see also* Doc. 1, ¶¶12-17.

9. "Pursuant to 15 C.F.R. § 30.4, for air cargo, the EEI must be filed no later than two hours before the scheduled departure time of the aircraft." *Planet 9 Compl.*, ¶45; Doc. 1, ¶16.

10. No EEI was filed for the flight. *Planet 9 Compl.*, ¶¶61, 64, 67; *see also* Doc. 1, ¶¶20-21, 46.

11. On November 8, CBP conducted a border search of the aircraft at the Charlotte Airport. Doc. 1, ¶30.

12. The plane was full of 93 large duffel and/or trash bags of cargo each filled with a green, leafy organic material that was either hemp or marijuana or both (what it specifically was or tested as is irrelevant and immaterial to this forfeiture action). Doc. 1, ¶¶30, 37.

13. In all, the cargo weighed roughly 3,200 pounds. *Planet 9 Compl.*, ¶27; Doc. 1, ¶¶41-42.

## ARGUMENT AND AUTHORITIES

### I. Standard governing Title 19 forfeitures.

The United States brings this action pursuant to 19 U.S.C. § 1595a(d). In a Title 19 forfeiture action—unlike most civil judicial forfeiture actions handled by this Court—the Court's analysis is governed by a probable cause standard and the focus is solely on the forfeitability of the property. Notably, through a provision known as the "customs carve out" of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Title 19 forfeiture actions are specifically excluded from the provisions of CAFRA requiring the Government to satisfy the preponderance of the evidence burden and

provisions affording an innocent owner defense to claimants. *See* 18 U.S.C. § 983(i)(2)(A); *U.S. v. Aircraft (One (1) Douglas AD-4N Skyraider Aircraft, FAA Registration N-121CH, Serial No. 126956, together with its Log Books)*, 839 F. Supp. 2d 1243, 1251 (N.D. Ala. 2011) (discussing carve out); *U.S. v. 160 Cartons of Glass Water Pipes*, 2014 WL 936293, at *3 (C.D. Cal. Mar. 10, 2014) (cases under 1595a exempt from CAFRA); *U.S. v. 323 Quintales of Green Coffee Beans*, 21 F. Supp. 3d 122, 131 (D.P.R. 2013) ("Claims of civil forfeiture under § 1595a are not subject to the provisions of CAFRA.").

As noted, "[t]he United States must show that there was probable cause for the forfeiture of the seized property." *U.S. v. Three Burmese Statues*, 2008 WL 2568151, at *2 (W.D.N.C. June 24, 2008) (citing *United States v. One Lucite Ball Containing Lunar Material,* 252 F.Supp.2d 1367, 1377 (S.D. Fla. 2003)); *see also 160 Cartons of Glass Water Pipes*, 2014 WL 936293, at *3 ("Because this case [under 19 U.S.C. § 1595a] is exempt from [CAFRA], the government was required only to establish probable cause to believe that the defendant merchandise is subject to forfeiture in order to prevail here.").

"In order to show probable cause, the United States must have 'reasonable grounds' to believe the property is subject to forfeiture." *Id*. (citing *United States v. 863 Iranian Carpets,* 981 F.Supp. 746, 748 (N.D.N.Y. 1997)). "Such grounds need not amount to prima facie proof, but must be more than that which gives rise to mere suspicion." *Id*. (citing *United States v. One 1978 Piper Cherokee Aircraft,* 91 F.3d 1204, 1208 (9th Cir. 1996)).

"If the government shows probable cause for forfeiture, the burden then shifts to the Claimant to show by a preponderance of the evidence that forfeiture is inappropriate." *Id.* (citing *One Lucite Ball,* 252 F.Supp.2d at 1377); *see generally U.S. v. A 10th Cent. Cambodian Sandstone Sculpture*, 2013 WL 1290515, at *5 (S.D.N.Y. Mar. 28, 2013) ("However, CAFRA does not apply to 19 U.S.C. § 1595a(c) because it is subject to a 'customs carve out.' Instead, under the pre-CAFRA burden-shifting approach of 19 U.S.C. § 1615, the government must establish probable cause as to its § 1595(a)(c) claim for forfeiture, and if it does so, the burden shifts to the claimant to establish a defense.") (internal citations omitted).

## II.     There is probable cause for the forfeiture of the Hemp.

"Probable cause for forfeiture is tested by the same criteria as used to determine probable cause for the issuance of a search or seizure warrant." *Aircraft (One (1) Douglas AD-4N Skyraider Aircraft,* 839 F. Supp. 2d at 1246. "The existence of probable cause is judged not with clinical detachment, but with a common sense view toward real life. Additionally, probable cause in a civil forfeiture proceeding may be established by circumstantial or hearsay evidence." *One Lucite Ball*, 252 F. Supp. 2d at 1378 (internal citations omitted).

This standard is easily met here. Specifically, 19 U.S.C. § 1595a(d) provides that "[m]erchandise exported or sent from the United States or **attempted to be exported or sent from the United States contrary to law**, or the proceeds or value thereof, and property used to facilitate the exporting or sending of such merchandise, the attempted exporting or sending of such merchandise, or the receipt,

8
Case 3:21-cv-00267-FDW-DCK   Document 7-1   Filed 08/26/21   Page 8 of 13

purchase, transportation, concealment, or sale of such merchandise prior to exportation **shall be seized and forfeited to the United States**." (emphasis added).

Two clear—and admitted—violations of law occurred with the export: (1) the failure to file Electronic Export Information (EEI) and (2) the submission to CBP of a General Declaration containing false information.[1]

As to the first violation, it is undisputed between Claimant We CBD and the Government that those seeking to export cargo must file EEI at least two hours prior to departure. *See* 19 C.F.R. § 122.72; 15 C.F.R. § 30.2(a)(1), § 30.4(b)(ii). "All EEI submitted to the AES shall be complete, correct, and based on personal knowledge of the facts stated or on information furnished by the parties to the export transaction." 15 C.F.R. § 30.3(a). These requirements contain civil and criminal penalties for the failure to file or filing false information. *See* 15 C.F.R. § 30.71(a)(1) (criminal penalties); § 30.71(b)(1) (civil penalties).

It is also undisputed that the plane was at a stop in Charlotte while en route from Oregon to Switzerland and loaded with cargo, and critically, it is undisputed that no EEI was filed for the flight. Thus, it is accordingly established that the Hemp was attempted to be exported from the United States contrary to law, *see* 18 U.S.C. § 554(a),[2] 19 C.F.R. § 122.72, and 15 C.F.R. § 30.2(a)(1), § 30.4(b)(ii), and subject to

---

[1] The United States moves under Rule 12(c) on the simplest of the alleged violations of law, as it need only show *one* violation to establish a forfeiture basis. The Government believes all of its pleaded violations of law remain well-founded and can be proven—especially to the probable cause standard. But as disposition of this case can be readily accomplished based on We CBD's admissions, the Government moves on the simplest and clearest grounds.

[2] "Whoever fraudulently or knowingly exports or sends from the United States, or **attempts to export or send from the United States, any merchandise, article, or object contrary to any law or**

forfeiture under § 1595a(d).

As to the second violation, it is undisputed between Claimant We CBD and the Government that air cargo must be disclosed in either a General Declaration or air cargo manifest (CPB Form 7509). *See* 19 C.F.R. §§ 122.73(a)(1)-(2), (b). It is undisputed that no air cargo manifest was ever filed and the General Declaration submitted, was—to use We CBD's words—a "fraudulent general declaration with CBP that did not account for the cargo." *Planet 9 Compl.*, ¶40. And not only did the General Declaration fail to account for any cargo, it also affirmatively misrepresented there would be none on the flight. *See* Doc. 1, ¶21; Doc. 1-1, p.1.

The submission of a fraudulent Form 7507 to CBP during an attempt to export cargo is clearly "contrary to law." 19 U.S.C. § 1595a(d); 18 U.S.C. § 554(a) (making it, *inter alia*, unlawful to conceal or facilitate concealment of merchandise prior to attempted exportation); 18 U.S.C. § 1001 (fraud and false statements provided in any manner within the jurisdiction of the executive branch of the United States); *see also U.S. v. Haim*, 218 F. Supp. 922, 929 (S.D.N.Y. 1963) ("The purpose of the general false statement statute, 18 U.S.C. § 1001, has been broadly defined to include all 'false and fraudulent statements or representations where these were knowingly and willingly used in documents or affidavits 'in any matter within the jurisdiction of any department or agency of the United States.' . . . And it has been established that the Bureau of Customs, to whom the defendants allegedly made the false statements, is

---

**regulation of the United States**, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise, article or object, prior to exportation, knowing the same to be intended for exportation contrary to any law or regulation of the United States, shall be fined under this title, imprisoned not more than 10 years, or both." (emphasis added)

an agency or department within the meaning of Section 1001 so that the submission of false documents to the Bureau constitutes a violation of that section.") (internal citations omitted) (prosecution for false statements in documents such as bills of lading to Customs).

Thus, the Court's probable cause analysis for this forfeiture is simple: We CBD admits that export violations providing a basis for forfeiture occurred. As this is an *in rem* proceeding against the Hemp, it matters not whether the export violations were committed by We CBD or Planet Nine. *See, e.g.*, *United States v. $776,670*, No., 2014 WL 1669929, *4 (D.N.J. Apr. 28, 2014) (in a structuring case, government is required only to prove that the money was involved in an offense committed by someone; the account holder's lack of involvement is relevant only to his innocent owner defense).

As such, the Court has ample undisputed evidence before it to determine that there is a reasonable ground for belief, supported by more than mere suspicion, that the Hemp is subject to forfeiture. *See, e.g., U.S. v. 2011 Jeep Grand Cherokee, VIN: 1J4RR5GT9BC582749*, 2013 WL 12106221, at *7 (W.D. Tex. Oct. 9, 2013) ("Also, in response to Petitioner's requests for admission, Claimant admitted several times that it had no export license for the Respondent Jeep . . . the summary judgment evidence indicates that there was probable cause to believe that the Respondent Jeep . . . was not properly licensed as it was attempting to be exported from the United States into Mexico, in contravention with §§ 1595(a) and 401. It is thus subject to forfeiture."); *U.S. v. One Fossilized Tyrannosaurus Bataar Skull*, 365 F. Supp. 3d 759, 767 (N.D.

Tex. 2018) ("Here, the totality of the circumstances established probable cause for forfeiture because the Government found a privately owned Bataar skull within the United States, Bataar discoveries are common in Mongolia, no confirmed Bataar skull discoveries have occurred outside of Mongolia, and Mongolia asserts a claim of ownership over Bataar skulls found within its borders. The Court finds that these facts establish a reasonable ground for belief, supported by more than mere suspicion, that the Defendant Bataar Skull entered the United States illegally and was stolen for purposes of the NSPA and 19 U.S.C. § 1595a.") (internal case citations omitted); *Three Burmese Statues*, 2008 WL 2568151, at *3 ("Without any genuine issue of material fact regarding the statues' origin, date of purchase, or date of importation, judgment as a matter of law is appropriate.") (import violations pursuant to 19 U.S.C. § 1595a(c)).

**III.    We CBD cannot establish any defense to forfeiture.**

It is We CBD's burden to establish a defense to forfeiture. For the reasons more fully stated in the Government's concurrently-filed Motion to Strike We CBD's Affirmative Defenses, We CBD cannot establish any defense in this action: namely, that neither the innocent owner defense nor the Eighth Amendment's excessive fines prohibition apply in Title 19 forfeiture cases.

* * *

The Court should order the 548.22 pounds of hemp at issue in this action forfeited to the United States as a matter of law.

This the 26th day of August, 2021.

                              WILLIAM T. STETZER
                              ACTING UNITED STATES ATTORNEY

                              /s/ Seth Johnson
                              J. Seth Johnson
                              NC Bar No. 53217
                              Assistant United States Attorney
                              227 West Trade Street, Suite 1650
                              Charlotte, North Carolina 28202
                              Telephone: (704) 338-3159
                              Email: seth.johnson@usdoj.gov

**Certificate of Compliance**

The undersigned certifies that the foregoing brief is 3,194 words excluding the case caption and signatures/certificates of counsel.

                              /s/ Seth Johnson
                              Assistant United States Attorney