UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00267-FDW-DCK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| APPROXIMATELY 548.22 POUNDS OF HEMP, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court on several motions, including: (1) Plaintiff United States of America's (the "**Government**") Motion to Strike Claimant We CBD, LLC's ("**We CBD**") Affirmative Defenses (Doc. No. 9); (2) the Government's Motion for Judgment on the Pleadings (Doc. No. 7); (3) the Government's Motion to Strike We CBD's Answer (Doc. No. 8); and (4) We CBD's Motion for Leave to File its Verified Claim (Doc. No. 15). These motions are now ripe for review. For the reasons stated below, the Court DENIES the Government's Motion to Strike We CBD's Affirmative Defenses, the Government's Motion for Judgment on the Pleadings, and the Government's Motion to Strike We CBD's Answer; and the Court GRANTS We CBD's Motion for Leave to File its Verified Claim.

## I.     **AFFIRMATIVE DEFENSES**

On July 22, 2021, We CBD, through counsel, filed its Answer, (Doc. No. 5), to the Government's Complaint for Forfeiture *in rem*, (Doc. No. 1), wherein We CBD staggeringly asserts twenty affirmative defenses. On August 26, 2021, the Government filed its Motion to Strike We CBD's Affirmative Defenses, (Doc. No. 9), pursuant to Rule 12(f) of the Federal Rules of Civil Procedure.

1

Rule 12(f) allows a court to "strike from a pleading[,] an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Id. "Rule 12(f) motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy…." Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (citation and quotation marks omitted).

Here, it is undisputed that the Government's Motion to Strike was untimely filed under Rule 12(f)(2), (Doc. No. 18, p. 1), and, in light of the drastic remedy the Government seeks, the Court declines to "act on its own" to strike We CBD's affirmative defenses. Accordingly, the Government's Motion to Strike We CBD's Affirmative Defenses (Doc. No. 9) is DENIED.[1]

## II.    JUDGMENT ON THE PLEADINGS

Concurrently with its Motion to Strike, the Government also filed a Motion for Judgment on the Pleadings, (Doc. No. 7), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. When deciding a Rule 12(c) motion for judgment on the pleadings, the Court must apply the same standard that is applied when ruling on a motion to dismiss pursuant to Rule 12(b)(6). See Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir. 2002); Columbia v. Haley, 738

---

[1] For the reasons set forth herein, the Court declines to opine on the legal sufficiency of We CBD's twenty affirmative defenses at this time; however, the Court now reminds We CBD and its Counsel that the recitation of unsupported affirmative defenses is sanctionable conduct under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927. See LBCMT 2007-C3 Urbana Pike, LLC v. Sheppard, 302 F.R.D. 385, 388 (D. Md. 2014) (quoting Fed. R. Civ. P. 11(b)(2)) ("litigants and their attorneys should [not] feel free to recite in their answers a litany of irrelevant and unsupported affirmative defenses. Such is sanctionable conduct under Rule 11…."); see also 28 U.S.C. § 1927 ("Any attorney… who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."). If it later becomes clear that We CBD has pled affirmative defenses frivolously, the Court may take appropriate measures under Rule 11 and/or 28 U.S.C. § 1927 to remedy the matter. See Clark v. Milan, 152 F.R.D. 66, 72, n.5 (S.D.W. Va. 1993) ("The Court is nonetheless troubled by the 'shotgun approach' Defendants apparently used in choosing their affirmative defenses. If it becomes clear after factual development Defendants have set forth defenses frivolously, the Court may take appropriate measures under the provisions of Rule 11, Fed. R. Civ. P., to remedy the matter.")

F.3d 107, 115 (4th Cir. 2013). Therefore, the Court must assume the allegations in the non-moving party's pleadings are true and construe all facts in the light most favorable to the non-moving party. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992).

In a forfeiture action brought pursuant to 19 U.S.C. § 1595a(d), such as the present action, the initial burden rests with the Government. United States v. One Lucite Ball Containing Lunar Material, 252 F. Supp. 2d 1367, 1377 (S.D. Fla. 2003). As such, "[t]he United States must show that there was probable cause for the forfeiture of the seized property." U.S. v. Three Burmese Statues, 2008 WL 2568151, at *2 (W.D.N.C. June 24, 2008) (citing One Lucite Ball, 252 F. Supp. 2d at 1377). In order to show probable cause, the United States must have "reasonable grounds" to believe the property is subject to forfeiture. Id. (citation omitted). "Such grounds need not amount to prima facie proof, but must be more than that which gives rise to mere suspicion." Id. (citation omitted). Once the Government meets the showing of probable cause, the burden of proof shifts to the claimant to establish an affirmative defense by a preponderance of the evidence. Id. (citing One Lucite Ball, 252 F. Supp. 2d at 1377).

At this time, the Government and We CBD adamantly dispute both whether probable cause existed for the forfeiture of the defendant property (the "**Hemp**"), and whether We CBD can establish any defense to the forfeiture. (Doc. Nos. 7-1, 12, 16). Significant here, as set forth above, We CBD has raised several affirmative defenses in its Answer. See (Doc. No. 5). In assuming all allegations in We CBD's pleadings are true and construing all facts in the light most favorable to We CBD, as required at this early stage, the Court cannot definitively conclude that We CBD will be unable to establish an affirmative defense to the forfeiture. The Court therefore finds judgment on the pleadings premature, and the Government's Motion for Judgment on the Pleadings (Doc. No. 7) is DENIED.

### III.    VERIFIED CLAIM

####    a.  Supplemental Rule G(5)

Finally, the Court turns to the Government's Motion to Strike We CBD's Answer, (Doc. No. 8), and We CBD's Motion for Leave to File its Verified Claim, (Doc. No. 15). These Motions relate to We CBD's procedural failure to timely file its Verified Claim as required under Rule G(5)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("**Supplemental Rules**").

Under the Supplemental Rules, "[a] person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." Supp. R. G(5)(a)(i). The time period for a potential claimant to file its verified claim is set by the Government "in a direct notice sent under Rule G(4)(b)," but must be at least thirty-five (35) days from the date the notice is sent. <u>See</u> Supp. R. G(5)(a)(ii). After filing a verified claim, "[a] claimant must serve and file an answer to the complaint or a motion under Rule 12 within 21 days." <u>See</u> Supp. R. G(5)(b). "Courts strictly enforce compliance with the Supplement[al] Rules in forfeiture cases, and until a claimant adheres to the filing requirements, he lacks statutory standing to contest the forfeiture." <u>U.S. v. Real Prop. Located at 2740 Lytham Drive, Charlotte, N.C.</u>, No. 3:20-cv-110-MOC-DSC, 2020 WL 2114379, at *1 (W.D.N.C. May 4, 2020) (citing <u>U.S. v. Borromeo</u>, 945 F.2d 750, 752 (4th Cir. 1991). Thus, "[w]ithout filing a claim and an answer in a timely manner and under the proper procedures set forth in the Supplemental Rules[,] a potential claimant lacks statutory standing to assert his or her claim." <u>U.S. v. $25,790 U.S. Currency</u>, No. AW-09-3283, 2010 WL 2671754 (D. Md. July 2, 2010) (citing <u>U.S. v. $487,825.00</u>, 484 F.3d 662, 665-66 (3d Cir. 2007).

In its Motion to Strike We CBD's Answer, (Doc. No. 15), the Government asserts, and the

Court agrees, that "We CBD failed to timely file a claim as required by the Supplemental Rules, and thus, lacks statutory standing to contest this forfeiture action." (Doc. No. 8-1, p. 1). The Government sent We CBD direct notice, as required under Supplemental Rule G(4)(b), on June 8, 2021. See (Doc. No. 8-2). The direct notice clearly states, "FILING OF A VERIFIED CLAIM: You <u>must</u> file a verified claim within thirty-five (35) days of the date on this notice." <u>Id</u>. Accordingly, We CBD had until July 13, 2021, to file its verified claim and assert an interest in the Hemp. We CBD, however, failed to file anything in the present action until July 22, 2021, when it filed its verified Answer, (Doc. No. 5), and attached a verified administrative claim form, (Doc. No. 5-1). On August 26, 2021, the Government filed its Motion to Strike We CBD's Answer for We CBD's failure to comply with Supplemental Rule G(5). (Doc. No. 8). It was not until September 24, 2021 – 73 days after the verified claim deadline – that We CBD asked the Court for leave to file its verified claim. It is therefore clear to the Court that We CBD failed to comply with Supplemental Rule G(5).

Despite We CBD's evident failure to comply with the Supplemental Rules, it now asserts that its verified complaint in Civil Case No. 3:21-cv-115 (the "**FTCA Action**") filed on March 19, 2021, "satisfied all the requirements of Supplement[al] Rule G(5)," and therefore constitutes "its Verified Claim for [p]urposes of Rule G." (Doc. No. 13, pp. 7-8). The Court finds this assertion nonsensical. Crucial here, the Court notes the Government did not file their Complaint for Forfeiture *in rem*, (Doc. No. 1), until June 7, 2021, and did not send We CBD the notice required under Rule G(4) until June 8, 2021. Accordingly, it is difficult to see how We CBD could have properly filed a verified claim prior to the filing of the relevant complaint for forfeiture *in rem*. Moreover, We CBD fails to cite to any case law, likely because it ceases to exist, that supports its proposition that a potential claimant may contest a forfeiture by filing a complaint in any related

5

case.[2]  Therefore, the Court agrees with the Government's assertion that "[t]he plain language of 'in the court where the action is pending' means the forfeiture case that the United States filed (in which Supplemental Rule G(5) applies),[3] not any case in the Western District of North Carolina, or any case before the presiding judge, or any related case."  (Doc. No. 17, p. 3); see also U.S. v. $7,000, 583 F. Supp. 2d 725, 735 (M.D.N.C. 2008) ("Brumby therefore had until August 6, 2007, to file a claim *in this forfeiture proceeding*.") (emphasis added).

We CBD also argues the administrative claim form attached to its Answer "satisfies all the requirements of Supplemental Rule G(5) *except the timing requirement* with respect to actual filing with the Court."  (doc. No. 13, p. 8) (emphasis added).  As a preliminary matter, the Court reiterates that "[c]ourts consistently have required claimants to follow the language of the Supplemental Rules to the letter." Borromeo, 945 F.2d at 752. Thus, We CBD's "except the timing requirement" argument is wholly unavailing, and We CBD's decision to attach an administrative claim form to its Answer filed nine days after the verified claim deadline is immaterial.  In any event, attaching an administrative claim form to an answer does not satisfy the verified claim requirements set forth in Supplemental Rule G(5).  See U.S. v. $23,000, 356 F.3d 157, 166 (1st Cir. 2004) ("We acknowledge that both the administrative claim and verified claim statement contain essentially the same information… Nevertheless, … the facial similarity between the two documents does not negate the obligation to file a verified statement."); U.S. v. $140,000.00, No. 09-3516, 2010 WL 1704966, at *3 (D.N.J. April 26, 2010) ("The Administrative Claim Certification, although

---

[2] To the extent We CBD relies on U.S. v. $153,920, No. 08-cv-2245, 2009 WL 2176052 (C.D. Ill. July 20, 2009) to support its fanciful assertion, We CBD is mistaken.  In $153,920, the Central District of Illinois found the potential claimant lacked standing because he had failed to file a verified claim with the Court.  The potential claimant argued that standing existed based upon a letter he previously sent to the Drug Enforcement Administration, which fulfilled all of the requirements set forth in Supplemental Rule G(5).  Significantly, the potential claimant in $153,920 did not file a complaint in a related action, as it does not appear that a related action existed.  Accordingly, if anything, $153,920 supports the Government's argument that a document previously sent by a potential claimant to the Government "does not satisfy the filing requirements for a claim as defined by Supplemental Rule G(5)."  Id. at *3.
[3] See Supp. R. G(1) ("Scope. This rule governs a forfeiture action in rem arising from a federal statute.")

attached to the Answer, does not constitute a proper claim in this judicial forfeiture action.") Thus, neither We CBD's verified complaint in the FTCA Action nor its administrative claim form attached to its untimely Answer in the current proceeding constitute a verified claim as required by Supplemental Rule G(5) or remedy We CBD's failure to timely file such verified claim. Accordingly, We CBD has failed to comply with Supplemental Rule G(5) and lacks standing to bring its claim as to the defendant property.

### b. Rule 6(b)(2) of the Federal Rules of Civil Procedure

Notwithstanding its failure to comply with Supplemental Rule G(5), We CBD now moves the Court for leave to file its verified claim out of time on a showing of excusable neglect pursuant to Rule 6(b)(2) of the Federal Rules of Civil Procedure. (Doc. No. 13, p. 12). The Fourth Circuit, in <u>Borromeo</u>, set forth several factors a court may consider in determining whether to allow a verified claim to be filed out of time on a showing of excusable neglect. Those factors include:

> When the claimant became aware of the seizure, whether the claimant was properly served, whether the government would be prejudiced, whether the government encouraged the delay or misguided the claimant, whether the claimant informed the government and the court of his interest before the deadline, whether the claimant had expended resources preparing for trial, the claimant's good faith, the claimant's health problems, whether the government has complied with procedural rules, and whether the claimant was acting *pro se*.

<u>U.S. v. Borromeo</u>, 945 F.2d at 753 (citations omitted). The Fourth Circuit also emphasized: "Among these [factors], perhaps the most important is the degree of prejudice to the government." <u>Id</u>.

Here, several of the factors, including (1) when the claimant became aware of the seizure; (2) whether the claimant was properly served; (3) whether the Government encouraged the delay or misguided the claimant; (4) the claimant's health problems; (5) whether the Government has complied with procedural rules, and (6) whether the claimant was acting *pro se*, clearly weigh

against a finding of excusable neglect. We CBD became aware of the seizure in November of 2020. (Doc. No. 13, p. 2). Moreover, We CBD has failed to sufficiently assert that it was not properly served; the Government encouraged a delay or misguided We CBD with respect to the verified claim; We CBD failed to comply with the procedural rules with respect to the verified claim; or We CBD, or any relevant agent of We CBD, has suffered health problems. In addition, We CBD is not proceeding *pro se*. However, the Government has expressly conceded that it "would not be unduly prejudiced by We CBD's untimely claim, that We CBD informed the Government of its interest in the Hemp prior to the deadline, and that the Government was also aware of We CBD's interest in the Hemp through the [FTCA Action]." (Doc. No. 8-1, p. 4). Based on the Government's concession, along with the fact that We CBD previously filed a verified complaint in the FTCA Action – which involves the same parties, the same attorneys, and the same Judge – and a verified answer and administrative claim form nine days after the verified claim deadline in the present action, the Court finds Plaintiff has *minimally* satisfied its burden of showing excusable neglect.[4,5] Accordingly, the Court DENIES Plaintiff's Motion to Strike We CBD's Answer (Doc. No. 8) and GRANTS We CBD's Motion for Leave to File its Verified Claim (Doc. No. 15).

## IV. CONCLUSION

---

[4] Moreover, it is well settled that the Fourth Circuit has a strong policy of resolving issues on the merits. See Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417, n.3 (4th Cir. 2010) (quoting Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471-72 (4th Cir. 1993)) ("What was said in [Choice Hotels] accurately captures the strength and intensity of this court's longstanding policy in favor of merits-based adjudication: [']['W]e have long adhered to "the sound public policy of deciding cases on the merits"….[']").

[5] To the extent Plaintiff's Counsel appears to profess his "ignorance of the rules was the sole reasons for [Plaintiff's] failure to file a timely claim, the Fourth Circuit has also clarified, "when the party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect.'" U.S. v. $12,914.00, 828 F. Supp. 2d 822, 824 (D. Md. 2011) (quoting Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988)); see also id. at 825 (quoting U.S. v. Moradi, 673 F.2d 725, 728 (4th Cir. 1982) ("[J]ustice … demands that a blameless party not be disadvantaged by the errors or neglect of his attorney which cause a final, involuntary termination of proceedings.").

IT IS THEREFORE ORDERED that the Government's Motion to Strike We CBD's Affirmative Defenses (Doc. No. 9) is DENIED; the Government's Motion for Judgment on the Pleadings (Doc. No. 7) is DENIED; the Government's Motion to Strike We CBD's Answer (Doc. No. 8) is DENIED; and We CBD's Motion for Leave to File its Verified Claim (Doc. No. 15) is GRANTED.

**We CBD shall have up to and including February 11, 2022, in which to file its verified claim in accordance with Supplemental Rule G(5).** The Court hereby warns We CBD, however, that its continued failure to *strictly* comply with the applicable Federal Rules of Civil Procedure, including the Supplemental Rules, may result in dismissal of its claim.

IT IS SO ORDERED.


Signed: February 9, 2022


Frank D. Whitney
United States District Judge

9